**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE ANGEL SAAVEDRA PULIDO,<br><br>Petitioner,<br><br>v.<br><br>MARCOS CHARLES, et al.,<br><br>Respondents. | Case No. 1:26-cv-05087-JLT-SAB<br><br>A-Number: 099-377-924<br><br>ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING<br><br>(Doc. 1) |

Before the Court is Jose Angel Saavedra Pulido's petition for writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the petition. (Doc. 1).

## I.     LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or

laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## II.    FACTUAL BACKGROUND

Petitioner is from Mexico. He first entered the United States without inspection in May of 2002, where he was arrested by U.S. Border Patrol near Douglas, Arizona, and granted voluntary return to Mexico four times: May 19, 2002, May 20, 2002, May 21, 2002, and May 26, 2002. (Doc. 5 at 5.) On July 16, 2012, Petitioner was arrested by U.S. Border Patrol near Douglas, Arizona, and was processed with a Notice to Appear and charged as removable pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act. (*Id*.) Petitioner was then released on his own recognizance.[1] (*Id*.) On November 19, 2012, Petitioner filed an Application to Register as a Permanent Resident or Adjustment of Status (Form I-485), which was administratively closed on July 9, 2024. (*Id*.)

On January 18, 2021, Petitioner was arrested for Assault 3rd Degree: With Intent To Cause Physical Harm. (Doc. 5 at 16.) He was ultimately convicted of one count of Disorderly Conduct: Fight/Violent Behavior. (*Id*.) On March 11, 2026, Petitioner was arrested for domestic violence by strangulation and tampering with a witness. (*Id*.) The charges remain pending. (*Id*.) On March 14, 2026, ICE assumed custody of Petitioner and placed him in immigration detention. (*Id*. at 5.) Petitioner is detained at the Central Valley Annex Detention Facility in McFarland, California. (Doc. 1 at 1.) On July 2, 2026, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asserting, *inter alia,* that his due process rights have been violated. (Doc. 1 at 16.)

## III.    DISCUSSION

Respondents argue that as an "applicant for admission" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2)(A), Petitioner's detention is therefore "mandatory." (Doc. 5 at 1-2.) Pursuant to *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30,

---

[1] The record is unclear as to whether Petitioner was subject to any reporting requirements or conditions of supervision.

2026), the Court finds that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. *See also*, *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).

Considering Petitioner's recent domestic violence arrest, the Court finds that the appropriate remedy here is a bond hearing where the government bears the burden of proving that Petitioner now poses a danger to the community or flight risk.

1. The petition for writ of habeas corpus, (Doc. 1), is **GRANTED IN PART** for the reasons stated in the orders cited above.

2. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *Id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

3. **At least 72 hours before** the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. Petitioner **SHALL** have the right to be represented by counsel at the hearing, and she **SHALL** be entitled to appear at the hearing. If her counsel has filed an appearance in the immigration proceedings, **at least 72**

**hours before** the hearing, counsel **SHALL** receive notice of the scheduled hearing.

4.   Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

5.   The Clerk of Court is directed to serve the Central Valley Annex Detention Facility in McFarland, California, with a copy of this Order.

6.   The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   August 6, 2026

_____
UNITED STATES DISTRICT JUDGE